346　　　　　　　　July 8, 2026　　　　　　　No. 640

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of E. S.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

A. S.,
*Appellant.*

Columbia County Circuit Court
24JU06373; A189214

Keith R. Raines, Senior Judge.

Submitted May 21, 2026.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Kyle Sessions Vazquez, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Kyleigh Gray, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Egan, Judge, and Jacquot, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

Mother appeals from a judgment of the juvenile court requiring her to submit to a psychological evaluation in connection with a parent-child interaction evaluation (PCIE). She assigns error to (1) the order requiring her to submit to a psychological evaluation; (2) the conditional nature of that order, permitting the evaluator to determine whether her existing evaluation was sufficient; and (3) the requirement that the evaluation be conducted by Dr. Miller. We affirm.

## BACKGROUND

We state the facts consistently with the juvenile court's disposition, supplemented by uncontroverted evidence in the record. *Dept. of Human Services v. T. L. H. S.*, 292 Or App 708, 709, 425 P3d 775 (2018). In March 2025, the juvenile court asserted dependency jurisdiction over mother's three-year-old child based on mother's failure to maintain a safe environment, mental health problems, and lack of understanding of the child's needs. The court did not order a psychological evaluation at disposition.

Thereafter, mother independently obtained a psychological evaluation and engaged in treatment with her provider, Dr. Camplair. By the time of the October 2025 review hearing, mother was consistently attending visits, actively engaged in services, and demonstrating measurable progress.

The child, however, exhibited mixed responses during and after visits, including dysregulation, irritability, and trauma-related behaviors, particularly in response to female caregivers. At the same time, visits were described as beneficial and meaningful, and the child expressed eagerness to see his parents.

The Oregon Department of Human Services (ODHS) recommended that mother participate in a PCIE, which mother agreed to do. ODHS proposed that Miller—who had previously evaluated father—conduct the PCIE and indicated that he would likely require mother to undergo a psychological evaluation. Mother objected to any additional

psychological evaluation, emphasizing that she had already completed one and distinguishing between a PCIE, which she accepted, and a second psychological evaluation, which she opposed.

The juvenile court ordered mother to participate in an in-person PCIE and to submit to a psychological evaluation with Miller unless, after reviewing mother's existing records, he determined that an additional evaluation was unnecessary.

## PRESERVATION

We first address preservation. Mother contends that she preserved her challenge to the psychological evaluation requirement by objecting at the hearing. Alternatively, she argues that preservation should be excused because the court first articulated the requirement during its oral ruling.

Preservation is a practical doctrine requiring a party to explain its position with sufficient clarity to permit the trial court to understand and address the issue. *State v. Skotland*, 372 Or 319, 326–27, 549 P3d 534 (2024). Whether a claim is preserved turns, in part, on whether the trial court would be "taken aback to find itself reversed *on this issue, for this reason.*" *Id*. at 329 (emphasis in original).

Here, mother argued that a psychological evaluation had not been ordered at disposition, that she had already completed such an evaluation, and that a PCIE was distinct from a second psychological evaluation. Those arguments sufficiently alerted the juvenile court that mother objected to being required to undergo an additional psychological evaluation. Although mother did not explicitly invoke ORS 419B.387 or argue in statutory terms that the evaluation was not "needed," her objection conveyed the substance of that contention.

On the first and second assignment of error, ODHS argues that mother raises a new argument on appeal by challenging the evidentiary basis for the court's order. *See Dept. of Human Services v. D. F.*, 336 Or App 263, 266, 560 P3d 769 (2024); *Dept. of Human Services v. J. M. R.*, 335 Or

App 273, 276, 558 P3d 437 (2024). We disagree. Mother's position at the hearing—that a second evaluation was unnecessary considering her existing evaluation—overlaps with her appellate argument that the record does not support a finding that an additional evaluation was needed.

We conclude, however, that mother did not preserve the argument she now makes in her third assignment of error, that the juvenile court erred by ordering her to participate in a psychological evaluation with Miller in order to facilitate her participation in the PCIE.

We also reject mother's alternative argument that preservation should be excused. Unlike in *Dept. of Human Services v. T. R. P.*, 344 Or App 375, 378-79, 580 P3d 365 (2025), mother had notice that a psychological evaluation might be ordered, including through the recommendation of the court-appointed special advocate that she undergo the same evaluations as father. Moreover, after the court announced its ruling, mother had an opportunity to respond and did so.

Accordingly, we conclude that mother preserved her first and second assignments of error, but not her third.

## DISCUSSION

We review a juvenile court order requiring a parent to submit to a psychological evaluation for errors of law. *Dept. of Human Services v. H. K.*, 321 Or App 733, 737, 517 P3d 1044 (2022).

Mother argues that the juvenile court erred in ordering her to submit to a psychological evaluation because the record does not establish that such an evaluation was "needed" within the meaning of ORS 419B.387.

Under ORS 419B.387, a juvenile court may order a parent to participate in treatment or training if the court finds, based on evidence, that the treatment is needed to correct the circumstances that resulted in jurisdiction or to prepare the parent to resume care of the child, and that the order is in the child's best interests. The Supreme Court explained that "needed" means necessary or required and reflects a legislative intent to limit courts from ordering

evaluations in every case. *Dept. of Human Services v. F. J. M.*, 370 Or 434, 446–47, 540 P3d 854 (2022). The determination is fact-specific and must be grounded in the evidentiary record and connected more than tenuously to the jurisdictional bases. *Id*. at 447–48.

Mother contends that the record shows only that Miller might require a psychological evaluation to conduct the PCIE, not that mother herself needed such an evaluation. She emphasizes her progress in services, her existing evaluation, and the absence of evidence that an additional evaluation would address her parental deficits. ODHS responds that the evaluation was needed as part of a comprehensive assessment of mother's ability to understand and respond to the child's trauma-related behaviors. The record reflects that, despite mother's progress, the child continued to exhibit dysregulation and mixed responses in interactions with her. Those concerns relate directly to the jurisdictional bases, including mother's mental health and parenting capacity.

We agree with ODHS that the record supports the juvenile court's determination. The court ordered a PCIE, which mother does not challenge. The evidence indicated that Miller required a psychological evaluation to conduct that assessment. Given the purpose of the PCIE—to evaluate the parent-child relationship and inform therapeutic planning—the psychological evaluation was not an independent or exploratory requirement but a component of a broader evaluative process aimed at addressing the circumstances underlying jurisdiction.

The connection to those circumstances is sufficient under *F. J. M.* The jurisdictional bases included concerns about mother's mental health and her ability to understand and meet the child's needs. The child's ongoing trauma-related behaviors in connection with mother provided further evidence that additional assessment could assist in addressing those concerns.

We also reject mother's argument that the juvenile court improperly delegated its authority by allowing Miller to determine whether an additional evaluation was

necessary. The court made the initial determination that a psychological evaluation may be required but conditioned that requirement on Miller's review of existing records. That condition does not delegate the court's authority to decide whether treatment is needed; rather, it allows for implementation of the court's order in a manner that avoids unnecessary duplication.

Finally, mother did not preserve her argument that the juvenile court erred by requiring mother to use Miller as the evaluator for the comprehensive psychological evaluation needed to support the PCIE. The record here reflects that Miller had previously evaluated father and that ODHS sought consistency in assessing both parents. Additionally, the court observed that mother's proffered psychological evaluation was short and not as informative as Miller's psychological evaluation of Father. Further, the record reflected that Miller used the information obtained from the psychological evaluation of the parent to evaluate the interaction between the parent and child during the PCIE. On this record, the court's decision to order the use of Miller does not meet the criteria for plain error. We affirm the trial court's order.

## CONCLUSION

The juvenile court did not err in ordering mother to submit to a psychological evaluation as part of the PCIE process, nor in structuring that order to allow the evaluator to determine whether an additional evaluation was necessary after reviewing existing records. The order is supported by the evidentiary record and is consistent with ORS 419B.387 and *F. J. M.*

Affirmed.